236091 and 236098. I'm guessing Mr. Siegel, will you be here for both cases? I think there was some misfiling on the docket. I'm going to be arguing the Martin case and my colleague Michael Gibaldi is going to be arguing for the Johnson case. I want to address the sentencing issue in terms of the serious bodily injury enhancement because I believe it raises important questions about how to go ahead and apply the guidelines and that the court below erred on that front. As your honors are aware from the briefing, there was a home invasion, two of Mr. Martin's co-defendants sexually assaulted the victim. Judge Geary found specifically that Mr. Martin, that was not foreseeable to Mr. Martin, but he nevertheless applied the serious bodily injury enhancement as part of relevant conduct because reasoning that it was reasonably foreseeable that someone would get seriously hurt during a home invasion and so therefore the serious bodily injury enhancement applied. From our perspective, your honors, that is a serious misapplication of the guidelines. It conflates harm and acts and omissions, which are two separate inquiries under the guidelines. So let me ask you to separate, I think there are three sexual assaults actually committed by the two co-defendants or two co-conspirators, right? Correct. So there are two in the, before they sort of give up the search, and then there's the final assault, which appears to be the most physically egregious assault of the three. Acknowledging that all three are egregious. The first two, and particularly the first one, I'm trying to remember which co-defendant we are here, but the first one, it's the record suggests or indicates that the co-conspirator is saying, is assaulting the female victim and saying, where is the money? Give me the money. And so that is an assault conducted in the course of searching for the money, which was the purpose of this invasion, right? And so it seems reasonable to have it be foreseeable that your co-conspirators are going to cause people harm and threaten them physically in order to find the money. So the question is, and again, I'm setting aside the third assault, which I believe occurs after they've given up the search. But the first, those first two assaults where the assaulters are expressly saying, while they're assaulting this victim, where is the money? Give us the money. It's only the nature of the harm caused, right? That is what was not foreseeable. The idea of using violence and threats to find the money is foreseeable, right? Correct. Which is why, so as opposed to sexual assaults, which are happening for personal gratification over in a corner or something. Well, those first two are not necessarily for personal gratification. No, I'm saying they're not. Okay. I'm agreeing with you. Okay. As opposed to that. Okay. Which is why we don't argue that those assaults were not in furtherance or not within the scope or conceding both of those because they're being used to go ahead and extract information about the money. Okay. So it's only the third. But the judge specifically expressly found those sexual assaults were not reasonably foreseeable. Yeah. Now, counsel, I'm inclined to agree that the district court overstated when it said that any time there is a home invention or something of this sort, that it is foreseeable that harm would happen and that it doesn't matter whatever harm happens. And I don't agree with the Fifth Circuit that it's a but-for cause. That is, if it's but-for, that's enough. I agree that it has to be somehow foreseeable as most circuits have held. But what is foreseeable when you have a thought that some harm that would be serious enough would occur in the circumstances of this case, given all the facts, seems to be to be there. Why isn't it there? For the reasons suggested by the presiding judge, that here, while the specific kind of harm may not have been foreseeable, but that some kind of harm of a sort that meets the guidelines was there. And so, Your Honor, respectfully, it is not reasonable foreseeability of harm. That's a separate inquiry after it's reasonably foreseeable that the acts or omissions could have happened. I think the argument that is potentially being articulated is, well, threats of violence, assaultive behavior, that was reasonably foreseeable. So why does it matter whether it's sexually assaultive physical behavior versus punching versus pistol whipping or something along those lines? And the reason it does is that it is the act or omission. And when you enter into a conspiracy for a home invasion, it is reasonably foreseeable somebody could get pistol whipped. It's reasonably foreseeable somebody could get punched. He found it was not reasonably foreseeable that these two guys would go ahead and sexually assault a victim. And we've seen cases where it is reasonably foreseeable. We've seen cases in the immigration context where, unfortunately, that's kind of the modus operandi. And so, therefore, it is reasonably foreseeable that this act was not. And this act is very different in some ways. You know, obviously, it's a horrible act. It qualifies as serious bodily injury because it's sex assault, as opposed to Are you saying that when there is something of this sort, you have to find that somehow the particular harm that occurred was reasonably foreseeable? You know, that's a very odd thing. I'm a tort scholar, and you almost never foresee what specifically happened. You never foresee that. You must foresee that it is circumstances that then give rise to that kind of harm. Unless it is so wildly different. Now, when you said, oh, one is sexual gratification, the other is physical, the presiding judge correctly caught you on it because though rape can be, is violent, quite apart from any other ground. I'm in no way, shape, or form disagreeing with that, Your Honor. That there is a reasonable foreseeability test in the relevant conduct provisions for a reason. And it is the acts or omissions are those reasonably foreseeable. And the judge here found that those were not reasonably foreseeable to Martin. There is no history of these guys sexually assaulting people, according to the judge's finding, et cetera. And that finding was not clearly erroneous. I think, and I'm hoping the Court ends up agreeing, that if that finding is not clearly erroneous, you cannot undertake the analysis that Judge Deery did. You're cut off at it's not reasonably foreseeable. If an act of omission is not reasonably foreseeable, then it is not relevant conduct. It is one of those cases where I implore the Court not to have bad facts make bad law. Because we know in the different illustrations in the guidelines, et cetera, there is all sort of assaultive behavior that is deemed to be reasonably foreseeable. And most of the time, the Court won't end up finding that. Most of the time, if you punch the person, you pistol whip them or whatever, that is a foreseeable risk that you enter into when you're entering into it. But here, sexual assault, horrible as it is, and in part because it's so horrible, was not reasonably foreseeable. And conflating reasonable foreseeable of harm with reasonable foreseeability of acts or omissions is not the appropriate way to do it. I would point the Court to Molina. If you're allowed to skip all the way over reasonable foreseeability of act or omission, Molina was the case where a bystander got injured in an armed bank robbery. Of course, there's a reasonable foreseeability that somebody would get hurt during an armed bank robbery. Molina doesn't do the analysis that way, nor can they do the analysis that way. They have to find that the act or omission of their co-defendants, which was discharging firearms, was reasonably foreseeable. Once you find that, then you look at harm, which is the second aspect of 1B1.3, and ask whether that's proximately related, et cetera. Because there's the finding, and the judge made no finding, and I don't know if the government asked for it, that that was actually reasonably foreseeable to them, I implore the Court, well, ask the Court, that that cannot be determined to be clear error, that that was not reasonably foreseeable. If the district court found that it was reasonably foreseeable that some kind of physical harm on the people in the house would occur as a result of this robbery, and then the particular physical harm was rape, though rape itself was not foreseeable, would that be enough? No, Your Honor, because, again, you indicated that if the judge found that some kind of harm was reasonably foreseeable, in fact, that's what the judge... No, Your Honor, respectfully, no, because that's exactly what the judge did here. The judge found that harm was reasonably foreseeable, physical harm. I mean, that's what we're talking about here, it's a violent invasion. So he found that physical harm was reasonably foreseeable, but the act complained of, sex assault, was not reasonably foreseeable. Right, so we have to differentiate the specificity of acts, right, is really what we're talking about here. So it's not harm as much as acts. So if it is reasonably foreseeable to a participant in a home invasion robbery, that force, physical force will be used as an act to get the information and the money they need. Then does it need to be, does the nature of that physical force, the act, need to be known? And that's, to me, where the rubber hits the road here, right? Right. And I think under this Court's precedent, it's very act and activity focused. But that would mean that a case where your buddies all go into the house with guns, so you are fully aware that they may pistol whip or shoot somebody. But when they get in there, they find a knife, and they instead stab somebody or cut somebody. You did not, they did not have knives when they went in. You, as the guy sitting outside in the car, didn't know they were going to find that knife because you hadn't been in the house to that point. Is the stabbing, then, not a reasonably foreseeable act because they came armed with guns and that's your buddy? I expect a district court time, 99 times out of 100, will say, well, guns could be in a house, sorry, knives could be in a house, it's a home invasion, somebody could grab a knife and somebody could get hurt. So I expect that under that fact pattern, they would find this reasonably foreseeable. What he found was that this gross act of sexually assaulting the victim was not reasonably foreseeable. And it just, it's the quantum of the act. So what's the truth? Go ahead, Judge Calabresi. Let me get a little silly. Suppose they get in with guns and they drop a gun of a victim's I would analyze it in a way that the enhancement would apply. And we've seen those cases where a police officer trips after a chase or something. I mean, injuries can happen in strange ways. Frankly, that is the proximate cause harm analysis. They go in with guns, it was reasonably foreseeable, they go in with guns. Those acts are anticipated. How a harm results from it is a much more expansive inquiry. And rightly so, under the guidelines in this Court's precedent, they've made it a relatively expansive inquiry. But here, again, because of, it is an activity or acts analysis. The Court got it wrong below because they did a harm analysis. And yes, it does matter what the act is. I don't know where the line is, but sex assault was found beyond the line by the judge in terms of what was reasonably foreseeable. And that finding was not clear error. Thank you. Thank you, counsel. You'll have some time on rebuttal. We'll hear from the government. May it please the Court, Jonathan Siegel for the United States, along with my colleague Michael Gibaldi. I represented the United States at all stages before the district court. I'd like to try and cut through the analysis on the reasonable foreseeability of the sexual assault. And I want to start with the guidelines. Under Guideline 1B13A3, harm that resulted from acts and omissions that a defendant is accountable for is relevant conduct. Under this Court's decision in Molina, although the language here speaks in terms of results and sounds like but for, under Molina, there is read into it a reasonable foreseeability limitation. So any harm that is reasonably foreseeable from an act that the defendant is accountable for, he is then accountable for under the guidelines. I don't think there's any dispute about that. Harm includes injury. That's set out in the guidelines and in Molina. John Martin is accountable for this robbery. He pleaded guilty to it. He planned it. He aided and abetted it. I don't think there's any dispute about that. Physical injury, serious physical injury, is a reasonably foreseeable harm of a robbery. Right. But 1B1.3, I'm just looking because I thought maybe I was forgetting this, but it has harm. But then the harm refers back to in the coercive, coercive and jointly undertaken enterprise, acts, you're responsible for the acts and omissions of your co-conspirators. That were, meaning the acts were, reasonably foreseeable in connection with that criminal activity. Yes, Your Honor. But the act here is the home invasion robbery. From a home invasion robbery, harm reasonably foreseeably occurs. So all harm that stems from that, no matter what it is, is reasonably foreseeable. And, Your Honor, that's actually a straightforward application of tort law. When I saw that Judge Calabresi was on it, I went to the restatement of torts, which we hadn't cited in our brief. But this is section 435 from the restatement of tort second. If an actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable. Okay, so someone might be financially liable under the tort law for that. But we're not in tort law. I hear you, but we're not in tort law. So what I'm saying is that is it your position that any harm that befalls any person who can be identified as a victim or anyone, any harm that flows from a robbery is attributable to all participants, full stop? Harm that occurs as a result of that robbery, yes. So what does reasonable foreseeability mean? It simply means robbery is dangerous? What it means is that when you commit a robbery and if someone is hurt as a result of that robbery, you are accountable for that. What's the difference between what you say and but-for clause, which the Fifth Circuit buys but the other circuits do not? Your Honor, if you extend it out forever, there may be some kind of limitation that gets to the idea, to the heart of proximate cause where it's sufficiently indirect. That's what we're talking about today. Is this beyond, is this just something that happened by chance because this was there and robbery's chance occurs? Or was it within the range of what we call foreseeable? Well, but these were acts that were taken directly in furtherance of the robbery, and they were a core part of the robbery. The threat to the victim, and there was a testament of this, if you don't give us the money, we're going to hurt you. We're going to do things to you. When she did not provide the money, they assaulted her. That is a standard part of any robbery fact pattern. So all you're saying is that all that Judge Deary meant is the particular form that this physical force would take, namely rape. That was not necessarily foreseeable, but he did not mean to suggest that the use of force to extract information as to where the money wasn't fully foreseeable. That's exactly right. And I think Judge Deary, if not in those words, said exactly that. Harm is foreseeable. Injury is foreseeable. That's the nature of what the robbery is. And there are cases from other circuits and even Molina that involve all of these Paul's graphian facts where there's consequence and consequence. And in those cases, the defendant is found to be accountable under the guidelines, cases where a victim jumps out a window, where there's an off-duty police officer who walks into the parking lot and shoots a bystander. We're not anywhere close to that. This is one of the robbers, as part of the robbery, assaulted a victim. They used sexual assault, which unfortunately in robbery cases, especially home invasion robbery cases, is not an uncommon way of intimidating. So what you are saying is that this is the same as if, having gone in and so on, one of the victims unexpectedly jumped out of a window, and it wasn't a high window, but he twisted his foot, and that was harm. But it was foreseeable that something of that sort would happen as against something that was completely chance. I'm saying this is a much clearer case than that example, but there is law that if a victim jumps out. But you said that that's what Judge Deary said. I wish he had said it. But should we read him to have said that? So let me find exactly what Judge Deary said, just to read it clearly. I'm just flipping through the brief. I apologize. It's Appendix 82. It says, I don't believe the sexual assault, plural, that occurred was foreseeable to Mr. Martin, but that's beside the point. Serious bodily injury was certainly foreseeable. And this is your opponent's point, that that's a focus on the harm rather than the act, whereas we are required to look at the act. But then he then goes on to say the nature of the crime, the way it occurred in a home with weapons drawn, I don't believe he can foresee the brutal assault that they engaged in. But in terms of the guidelines adjustment, he calls it a no-brainer. So there is talk there about harm, and it's hard to separate when we talk about it. But the district judge does not say that this is cognizable under the guidelines because the act, the way the three of us have been framing it, the act of trying to get money out of a victim of a robbery by use of force is foreseeable, and that this is just a version of use of force. The judge doesn't really get there. He just says the very nature of the crime, which sort of goes to more your idea that all home invasion robberies, all harm occurring from all home invasion robberies is necessarily cognizable under this guideline. Well, Your Honor, I do want to be clear. I'm not saying that all harm ever. There does come a point in the chain of causation where it stops. But the idea that one of the co-conspirators would hurt one of the victims, that is clearly foreseeable. And whether it was with a gun, whether it was with a knife, whether it was his fist. And you don't even have to go that far because what it was harm that was done for the purpose of extracting information of where the money was. That's right. It was much closer to the core of what a robbery is all about. That's right. And the cases that we cite, the case of a victim jumping out a window, of a bystander shooting another person, those are even more distant, less proximate cases. But in all of those cases, the guideline enhancement is still found to apply. This is much closer. It involves direct conduct by a co-conspirator in furtherance of the robbery and really gets to the essence of what a robbery is. So you say we don't need to say how far this foreseeability runs, but this is well within what we have held and other circuits have held is enough. That's exactly right, Your Honor. Your Honor, if we haven't talked about the vulnerable victim enhancement or the defendant's plea, if the Court has any questions about those, I'm happy to answer them. But otherwise, the government is prepared to rest on its papers. All right. Thank you, counsel. Thank you very much. Thank you. Sorry. I mean, respectfully, what I'm hearing is a misinterpretation and misapplication of the guidelines. I will start with this. The government indicates that, wait a second, there's all these cases that we cited where somebody falls out of a window, somebody does X, Y, and Z. Those are not jointly undertaken activity-relevant conduct cases. In that — in those cases, the defendant himself was the one that was the driver or the shooter or whatever it was. And then it is — it is a harm analysis because we're not doing any of this B-1-3-B analysis. We're just — you know, the defendant's liable for his actions. Is the harm, you know, a reasonable consequence of that? Completely irrelevant to this case. This case is jointly undertaken criminal activity. And what I heard the government say is, well, he's responsible for the robbery. So therefore, he's responsible for everything that flows from the robbery. And that would be throwing this Court's precedents right out the window. You can read Molina. Molina doesn't say — again, it is a robbery of an armed bank car. It is not, geez, somebody could potentially get hurt in that, therefore it's reasonably foreseeable. The Second Circuit did exactly what this Court's going to have to do in this case, which is decide, is the act or omission complained of reasonably foreseeable? There was the act or omission of co-defendants discharging a gun. Under Judge Calabresi's examples, it was somebody bringing in a gun and dropping it on somebody's foot. Those are the acts and omissions that are reasonably foreseeable. Judge Durie appropriately found — Are you making a difference between the aider and abetter and the actual participants? Is that what you're saying? That somehow we have to look at it differently because he wasn't the one who said, tell me where the money is or I'll argue? Respectfully, Your Honor, he's not an aider or abetter. The judge didn't find he was an aider or abetter. The government didn't argue he was an aider or abetter. They didn't argue for relevant conduct. Yeah, yeah, yeah. If he, in fact, aided or abetted, and there are cases out there where an individual, unfortunately, aided and abetted a sexual assault because they would hold down person A while person B sexually assaults, clearly it's liable. This is — our question is, are the — were the acts done by the two co-conspirators, the sexual assaults that were in furtherance of the robbery, were those acts reasonably foreseeable to Mr. Martin such that he should be held responsible? Right. And the judge found they were not, and my position is that's not clear error. And once you have that, the rest of it falls along the lines of what I think we've been agreeing on. So if we were to agree with you that we're bound by the district judge's findings that they were not foreseeable, and then we would, what, remand and ask the district judge to reconsider the sentence in light of — So as a matter of law. And the court is — If you go back to resentencing is what you — We'd have to go back to resentencing. That enhancement would not apply. We'd ask the vulnerable victim, one, B — Well, we don't know if it would apply. We would say on the record as it was, it doesn't apply. It's a full resentencing you'd be asking for, right? Would he not be entitled to clarify or amend his factual findings? We would be asking for a full resentencing. The judge has found that the sexual assaults were not foreseeable to my client. This Court would not be overruling that finding because it's a clear error standard. And so once that finding is there, I don't think it's possible to say, and I'm hoping to say, listen, reconsider your factual finding. You already made your factual finding. Well, not to reconsider, but I think a lot of the discussion here today has been about what does the judge mean by that? Because it's all in one paragraph where he says the sexual assaults were not foreseeable, but I find this harm these acts to be foreseeable in some other way. He's making a finding somehow. He's finding that harm is foreseeable. He's finding these acts were not foreseeable. Okay. Thank you. All right. Thank you, counsel. I'm sorry. Oh, I'm sorry. Sorry. I have one last question. Do you read reasonably foreseeable as requiring both actual subjective state of mind and an objective reasonable state of mind? It would not require the subjective state of mind? I mean, it's reasonably foreseeable.  It's an objective standard. Correct. It has to be. And if it's an objective standard, I'm hesitant. I know the very great deference that's given to district judges under the guidelines and part of it is all for that, but aren't we in as good a position to determine what is objectively reasonable as the district judge? There's two aspects of it. One, I mean, if the individual in fact subjectively foresaw it, then clearly they would be hung with that. In terms of objective foreseeability, I would ask Your Honor to put your district hat back squarely on and recognize the levels of deference that one should give to district courts in terms of finding that under all the facts that were presented to them. I'm going to be sure to remind other second circuit judges of your view on that. Thank you. Thank you, counsel. Thank you both.